(21 Misc. Rep. 403.)

## In re FAGAN.

(Supreme Court, Special Term, Kings County.   October 13, 1897.)

ELECTIONS—NOMINATION BY CERTIFICATE—NUMBER OF ELECTORS.

Election Law, § 57, providing for independent nominations by certificate,
omits boroughs and aldermanic and council districts in Greater New York.
Under the charter of that city, aldermen are elected from districts co-
terminous with state assembly districts; and, to nominate a member of
the state assembly, a certificate of 500 is essential.   Held that, to nominate
an alderman, the certificate need bear the names of only 500, and not the
number required to nominate to an office that has to be voted for by the
electors of the whole city, viz. 2,000.

This is an application of one Fagan to compel the board of elec-
tion of the city of Brooklyn to receive and file a certificate signed
by 500 electors, nominating him for the office of alderman.   Granted.

The election law (section 57), prescribing for independent nomina-
tions by certificate, omits boroughs and aldermanic and council dis-
tricts in Greater New York.

A. B. Cruikshank, for petitioners.
J. A. Burr, Corp. Counsel, opposed.

GAYNOR, J.   Section 57 of the election law, which provides for
nomination by certificate, was meant to cover all offices and should
not be otherwise construed.   The only provision of it that we may
try to make literally applicable to the present case is the one requir-
ing that the certificate nominating a candidate to be voted for in
a ward only, must be made by 100 or more electors.   This would be
plainly applicable to aldermen to be elected by the old wards.   But
under the charter of the new city, the aldermen are not elected from
the old wards, but from new districts coterminous with the state
assembly districts.   In order to determine the number of electors re-
quired to nominate an alderman by certificate in such a district, it
may be considered as designated by the word "ward" in the election
law.   That word may, according to its derivation and definition,

be as aptly used to designate the new aldermanic districts as the old ones. This construction would require a certificate of 100 electors. But when the offices of president of the borough and councilman are thought of, and it is perceived that no provision of the said section 57 literally covers them in the matter of nominating certificates, it would seem that the number of signing electors requisite in the present case, as well as in respect of them, can be best determined by analogy to the case of other offices to be voted for in the same territory, or in a territory of the same size. For a member of the state assembly, a certificate of 500 is essential; and the aldermanic district being identical with the assembly district, by analogy a certificate of 500 would be requisite for the nomination of an alderman. As the present certificate is by that number of electors it is sufficient. It would seem very unreasonable to hold, as the court is asked to hold, that the certificate should be by the number of electors required to nominate to an office which has to be voted for by the electors of the whole city, viz., 2,000. That would be contrary to the system of the statute, which grades the number of electors required to a certificate according to the size of the constituency, from state down to town and ward. The looseness of the statute presents great difficulties, out of which I see no just way other than that of analogy, which I have followed.

Let the writ issue.